706 S.E.2d 22

**In the Matter of Donna Seegars GIVENS, Respondent.**

**No. 26922.**

Supreme Court of South Carolina.

Submitted Jan. 7, 2011.

Decided Feb. 7, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jonathan S. Gasser, of Harris & Gasser, of Columbia, for respondent.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension from the practice of law not to exceed nine (9) months. She requests that the period of suspension be made retroactive to the date of her interim suspension, March 4, 2010. *In the Matter of Givens,* 387 S.C. 20, 690 S.E.2d 775 (2010). We accept the agreement and impose a nine month suspension, retroactive to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## *FACTS*

### *Matter I*

On or about January 10, 2010, respondent failed to tell her current medical practitioner that she was obtaining a controlled substance of like therapeutic use from another physician. As a result of this omission, respondent was prescribed

a Schedule III controlled substance that would not otherwise have been prescribed.

On February 18, 2010, respondent was arrested and charged with Unlawful Prescription Drugs, Blank Prescription—1st Offense under South Carolina Code Ann. § 44–53–395 (2002). After respondent successfully completed the Pre–Trial Intervention Program, the solicitor entered a nolle prosquei of the charge.

## Matter II

While employed by a law firm, respondent represented Nationwide Insurance Company policyholders. Between October 2009 and December 2009, she submitted timesheets in one client's case for attendance at twenty (20) roster meetings in Richland County. It was later discovered that the client's case had been removed from the roster in late 2008 pursuant to Rule 40(j), SCRCP. It was further discovered that the billing for the roster meetings and related entries were fabricated as respondent had not attended any roster meetings in the case. As a result of the fabricated entries, Nationwide Insurance Company was overbilled in the approximate amount of $10,566.00. Respondent's law firm fully repaid Nationwide Insurance Company for the overbilling. The law firm represents it is not due any restitution from respondent.

## LAW

Respondent admits that by her misconduct she has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5 (lawyer shall not charge unreasonable fee), Rule 1.15 (lawyer shall safeguard client funds), Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct), Rule 8.4(b) (lawyer shall not commit criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as lawyer in other respects), Rule 8.4(c) (it is professional misconduct for lawyer to commit a criminal act involving moral turpitude), Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits that her actions constitute

grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

### CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine (9) months, retroactive to the date of her interim suspension. Within thirty days of the filing of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating she has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

### DEFINITE SUSPENSION.

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.